CLERK'S OFFICE U.S DIST COURT
AT DANVILLE VA
FILED
—for Roanoke
DEC - 7 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Action No. 4:03-cr-70057-2 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **ERIKA RIKER,** | ) | By: Hon. Jackson L. Kiser |
| **Petitioner.** | ) | Senior United States District Judge |

Erika Riker, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner alleges that her sentence violates Kimbrough v. United States, 128 S. Ct. 558 (2007) and the adoption of a 1:1 crack sentencing ratio. The court previously advised petitioner that her motion appeared to be untimely and requested argument why it should consider the motion timely filed. Petitioner responded, making the matter ripe for preliminary review. After reviewing the record, I dismiss petitioner's § 2255 motion as untimely filed.

I.

I entered petitioner's criminal judgment October 14, 2003, and sentenced her to 121 months imprisonment with five years supervised release. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed her conviction on November 24, 2004. I granted petitioner's subsequent 28 U.S.C. § 3582 motion to reduce sentence on March 25, 2008, and reduced her sentence to 120 months imprisonment, the statutory minimum sentence. Petitioner certifies that she signed and mailed her § 2255 motion on October 24, 2009. Therefore, I consider petitioner's § 2255 motion filed no earlier than October 24, 2009.

II.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public

can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

However, a one-year statute of limitations period governs § 2255 actions, and this period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If a defendant does not timely appeal the appellate court's judgment affirming a conviction, the conviction becomes final ninety days after entry of the appellate court's judgment when petitioner's opportunity to appeal to the United States Supreme Court expires. See Sup. Ct. R. 13; Clay v. United States, 537 U.S. 522, 528 (2003). Therefore,

petitioner's conviction became final on February 22, 2005, ninety days after the Fourth Circuit Court of Appeals affirmed her conviction. Thus, for purposes of § 2255(f)(1), petitioner had until February 23, 2006, to timely file her § 2255 motion. However, petitioner did not file her § 2255 motion until October 24, 2009, more than three years after her conviction became final.

The court advised petitioner that her § 2255 motion appeared to be untimely and specifically requested argument or evidence addressing why I should consider the petition timely filed. In response, petitioner argues that her petition is timely filed under § 2255(f)(3) because the United States Supreme Court recently reaffrimed Kimborough in Spears v. United States, 129 S. Ct. 840 (Jan. 21, 2009) (per curiam), stating that a district court may vary from the 100:1 crack sentencing ratio in the sentencing guidelines when the district court has a policy disagreement with the ratio and is sentencing the defendant. Spears, 129 S. Ct. at 842-44. However, petitioner's argument is meritless because § 2255(f)(3) starts the statute of limitations only upon the initial recognition of a right, not upon a case reaffirming the right. Furthermore, Spears is not analogous to petitioner's condition because petitioner's conviction became final long ago while the Court issued Spears before Spears' conviction became final. Moreover, Congress has not yet authorized federal courts to apply any 1:1 sentencing ratio to a long-final criminal judgment like in this case. Therefore, § 2255(f)(3) does not apply, petitioner's statute of limitations began to run upon the date her conviction became final, and petitioner filed her § 2255 motion more than a year after her conviction became final. Accordingly, I find that petitioner's § 2255 motion to vacate is untimely filed, and I dismiss the motion.

III.

For the foregoing reasons, I dismiss petitioner's motion to vacate, set aside, or correct

sentence, pursuant to 28 U.S.C. § 2255. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

**ENTER**: This 7th day of December, 2009.

                                              Senior United States District Judge